UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

UNITED STATES OF AMERICA,

Plaintiff,

v.

TONY DARVIS CALHOUN,

Defendant.

Nos. CR-97-0015-FVS
CR-97-0061-FVS

ORDER GRANTING, IN PART, DEFENDANT'S MOTION FOR REDUCTION OF SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)

**THIS MATTER** came before the Court for a hearing on Defendant's "Motion To Modify Sentence Pursuant To Title 18 U.S.C. §3582(c)(2) And United States Sentencing Guideline §1b1.10(c)." (Ct. Rec. 60 (97-cv-0015); Ct. Rec. 32 (97-cv-0061)). Assistant United States Attorney Robert A. Ellis represents the United States, and Defendant is represented by Tracy Staab. Defendant requests an order reducing his sentence from 188 months to 151 months based on the application of the retroactive amendment to the crack cocaine guidelines.

**BACKGROUND**

On February 4, 1997, the Grand Jury returned an indictment against Defendant in Cause No. CR-97-0015-FVS. Defendant was charged with the distribution of approximately 9 grams of cocaine base on November 13, 1996, a violation of 21 U.S.C. § 841. On March 28, 1997, in Cause No. CR-97-0061-FVS, Defendant was charged by Information with

being a felon in possession of a firearm at the time of his arrest on February 11, 1997, in violation of 18 U.S.C. § 922(g).

On March 28, 1997, Defendant entered guilty pleas to both charges. The entry of guilty pleas was pursuant to a written plea agreement. In the agreement, the United States agreed to recommend "a sentence of incarceration within the guideline range as determined by the court . . ." Following entry of guilty pleas, a presentence investigation report was prepared in which the guideline calculations were similar to the parties' plea agreement.

Prior to sentencing, the Court informed the parties it believed the Career Offender provisions were applicable. Both attorneys acknowledged the error. The revised presentence investigation report included calculations based upon the Career Offender guideline. The United States then advised defense counsel it would not oppose a motion to withdraw the guilty pleas. The sentencing hearing nevertheless went forward on August 11, 1997. At the hearing, the Court determined the Career Offender Guideline was indeed applicable and that the guideline range was 188 to 235 months. The Court imposed a term of incarceration of 188 months.

**DISCUSSION**

The amended version of U.S.S.G. § 1B1.10 found in the *Supplement To The 2007 Guidelines Manual*, effective March 3, 2008, provides in relevant part:

(a) Authority.-

(1) In General.- In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the

> Guidelines Manual listed in subsection (c) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. §3582(c)(2). As required by 18 U.S.C. §3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.

The court is to determine the amended guideline range that would have been applicable to the Defendant if the amendment to the guideline had been in effect at the time the defendant was sentenced. U.S.S.G. § 1B1.10(b)(1). In general, the court is not to reduce the term of imprisonment to a term that is less than the minimum of the amended guideline range. U.S.S.G. § 1B1.10(b)(2)(A).

Defendant contends that, based on Amendment 706 to the Guidelines, his Total Adjusted Offense Level should be reduced from 31 to 29. Defendant argues that with this reduction, and based on a Criminal History Category of VI, Defendant's amended guideline range would be 151 to 188 months, as opposed to the prior range of 188 to 235. Defendant requests he be given the minimum term available under the amended guideline range (151 months).

On September 18, 2008, counsel for Defendant filed a "Stipulated Reply" in this matter indicated that, following a discussion with the Government, the parties "stipulate that the retroactive amendment to the crack cocaine guidelines should apply in this case, and Mr. Calhoun's sentence of 188 months should be reduced by eight months to 180 months." (Ct. Rec. 73; (97-cr-0015)).

Taking into considering the information before the Court, and based on the agreement of the parties, **IT IS HEREBY ORDERED** that Defendant's "Motion To Modify Sentence Pursuant To Title 18 U.S.C. §3582(c)(2) And United States Sentencing Guideline §1b1.10(c)" (**Ct.**

**Rec. 60** (97-cv-0015); **Ct. Rec. 32** (97-cv-0061)) are **GRANTED, in part**. Defendant's term of imprisonment is reduced to 180 months. All other terms of the original sentence remain unchanged.

**IT IS FURTHER ORDERED as follows:**

1. Defendant's duplicative motions for the reduction of his sentence pursuant to 18 U.S.C. § 3582(c) (**Ct. Rec. 62** (97-cv-0015); **Ct. Rec. 34** (97-cv-0061)) are **DENIED, as duplicative**.

2. All other pending motions in the above captioned cases, in particular (**Ct. Rec. 36** and **Ct. Rec. 37** (97-cv-0061)) are **DENIED, as moot.**

**IT IS SO ORDERED**. The District Court Executive is hereby directed to enter this order and furnish copies to Defendant, to counsel, to the U.S. Probation Office (Spokane), to the Director of the Bureau of Prisons (Federal Bureau of Prisons, Central Office, 320 First St., NW, Washington D.C. 20534), and to the United States Sentencing Commission (One Columbus Circle, N.E., Suite 2-500, South Lobby, Washington, D.C. 20002-8002).

**DATED** this 22nd day of September, 2008.

S/Fred Van Sickle
Fred Van Sickle
Senior United States District Judge